UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ, JR.,

Petitioner,

v.  CAUSE NO. 3:25-CV-55-GSL-JEM

SHERIFF,

Respondent.

OPINION AND ORDER

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention at the Laporte County Jail, which is associated with criminal proceedings pending in the Laporte Superior Court, Case No. 46D01-2409-F5-1251.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Lopez asserts that he is entitled to habeas relief because the trial court has required him to undergo a competency hearing in connection with Lopez's motion to represent himself. He asserts that the trial court's actions violate his right to self-representation and his right against self-incrimination. Significantly, "[h]abeas corpus lies only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Harts v. State of Ind.*, 732 F.2d 95, 96 (7th Cir. 1984). These

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

types of claims could potentially undermine the validity of a conviction or sentence, but Lopez has not yet been convicted or sentenced, and it is unclear how these claims might otherwise relate, if at all, to his current pretrial detainment.

Lopez also argues that he is entitled to habeas relief because the State courts have imposed excessive bail requirements on him. In contrast to his other claims, this claim directly challenges the validity of his continued pretrial detention, but he cannot proceed on this claim in federal court at this time because it is unexhausted. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004).

To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004)."This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Under Indiana law, "the denial of a motion to reduce bail is a final judgment appealable as of right." *Sneed v. State*, 946 N.E.2d 1255, 1256 n.1 (Ind. Ct. App. 2011) (citing *State ex rel. Peak v. Marion Crim. Ct., Div. One*, 203 N.E.2d 301, 302 (Ind. 1965)).

2

According to the electronic docket for the State courts, Lopez has not presented an excessive bail argument to the State courts at any level. Consequently, the court finds that he has not exhausted his available State court remedies with respect to this claim.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Lopez seeks habeas relief under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end Lopez's chance at habeas corpus review by rendering his excessive bail claim untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Lopez to proceed further in federal court until his claims are ripe and until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are invalid or unexhausted;

(2) DENIES Rodolfo Antonio Lopez, Jr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 29, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT